# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR BAUTISTA,<br>Inmate Booking #10734667<br><br>                                  Plaintiff,<br><br>vs.<br><br>BRANDON STANLEY, Officer, El Cajon Police Department,<br><br>                                  Defendant. | Civil No.   11cv0540 DMS (BGS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*; and**<br><br>**(2) DISMISSING CLAIMS FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |

Plaintiff, a pre-trial detainee currently incarcerated at the San Diego Central Jail located in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is

granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the Court further orders the Watch Commander for the San Diego Central Jail to garnish the entire $350 balance of the filing fees owed in this case, collect and forward them to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

**II.     SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)**

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

/ / /

/ / /

Plaintiff alleges that following his arrest and while he was being detained at the El Cajon Police Department, Defendant Stanley "refused" to get medical treatment for Plaintiff for injuries that occurred prior to his arrest. (Compl. at 2-3.) While it appears that Plaintiff was a pre-trial detainee at the time, the Ninth Circuit has held that a "pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment," and therefore, "the same standards apply." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). In order to assert a claim for inadequate medical care, Plaintiff must allege facts which are sufficient to show that each person sued was "deliberately indifferent to his serious medical needs." *Helling v. McKinney*, 509 U.S. 25, 32 (1993); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To be liable, prison officials must purposefully ignore or fail to respond to Plaintiff's pain or medical needs. *Estelle*, 429 U.S. at 105-06. The "deliberate indifference' standard applies to claims that correction facility officials failed to address the medical needs of pretrial detainees." *Clouthier v. County of Contra Costa*, 591 F.3d 1232, 1242 (9th Cir. 2010).

First, Plaintiff fails to identify with any specificity the nature of his injuries or demonstrate to the Court that he has alleged a serious medical need. Second, if Plaintiff is attempting to allege that there was a delay in treatment based on Defendant Stanley's actions, there are no facts in the Complaint from which the Court can determine whether he has suffered any injury as a result of Defendant's action. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985) (a prisoner can make "no claim for deliberate medical indifference unless the denial was harmful.").

Accordingly, Plaintiff's Complaint is dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

### III. CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2) The Watch Commander, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly

1 payments from the trust account in an amount equal to twenty percent (20%) of the preceding
2 month's income credited to the account and forward payments to the Clerk of the Court each
3 time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL
4 PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
5 ASSIGNED TO THIS ACTION.

6 (3) The Clerk of the Court is directed to serve a copy of this Order on Watch
7 Commander, San Diego Central Jail, 1173 Front Street, San Diego, California 92101.

8 **IT IS FURTHER ORDERED** that:

9 (4) Plaintiff's Complaint is **DISMISSED** without prejudice for failing to state a claim
10 upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).
11 However, Plaintiff is further **GRANTED** sixty (60) days leave from the date this Order is filed
12 in which to file a First Amended Complaint which cures all the deficiencies of pleading noted
13 above. Plaintiff's Amended Complaint must be complete in itself without reference to his
14 previous pleading. *See* S.D. CAL. CIVLR 15.1. Defendants not named and all claims not re-
15 alleged in the Amended Complaint will be considered waived. *See King v. Atiyeh*, 814 F.2d 565,
16 567 (9th Cir. 1987).

17 Further, Plaintiff is cautioned that should he elect not to amend, or if his Amended
18 Complaint still fails to state a claim upon which relief may be granted, the dismissal of this
19 action may hereafter be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g). *See*
20 *McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

21 (5) The Clerk of Court is directed to mail a court approved § 1983 civil rights
22 complaint to Plaintiff.

23 DATED: June 21, 2011

25 HON. DANA M. SABRAW
United States District Judge